# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

SORELLE APARTMENTS,

             Plaintiff,

v.

GEORGE BOLDEN,

             Defendant.

1:14-cv-2254-WSD

## OPINION AND ORDER

This matter is before the Court on Defendant's Notice of Removal [3].

**I.     BACKGROUND**

This is a dispossessory action filed in the Magistrate Court of Fulton County, Georgia by Sorelle Apartments ("Plaintiff") against its tenant, George Bolden ("Defendant").[1] The Complaint seeks possession of real property currently held by Defendant.

On July 16, 2014, Defendant, proceeding *pro se*, removed the Fulton County Action to this Court by filing his Notice of Removal and an application to proceed *in forma pauperis* ("IFP"). Defendant claims in his Notice of Removal that "Respondent" violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and Rule 60 of the Federal Rules of Civil Procedure, "having a

---

[1]     No. 14DE008489

legal duty to abort eviction pursuant to O.C.G.A. 51-1-6 [sic]," and the Due Process Clause of the Fourteenth Amendment. (Notice of Removal at 2-3). Defendant also asserts a counterclaim based on the Uniform Commercial Code.

On July 16, 2014, Magistrate Judge Russell G. Vineyard granted Defendant's IFP application [2] and directed the Clerk of Court to submit this action to the Court for a frivolity determination.

The Court first considers whether the Court has subject matter jurisdiction over this action.

## II. DISCUSSION

### A. Subject Matter Jurisdiction

The Eleventh Circuit has consistently held that "a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings. Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999). "[O]nce a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." Id.

Congress has provided that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant." 28 U.S.C. § 1441(a). Removal in this case appears to

be based on federal-question jurisdiction, which extends to "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).  Thus, a federal cause of action within a counterclaim or a federal defense is not a basis for removal jurisdiction.  Vaden v. Discover Bank, 556 U.S. 49, 59-61 (2009).

Plaintiff's Complaint is a dispossessory action which is based solely on state law.  No federal question is presented on the face of Plaintiff's Complaint.  That Movant asserts defenses or counterclaims based on federal law cannot confer federal subject-matter jurisdiction over this action.  See Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003); Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830-32 (2002).[2]  Removal is not proper based on federal question jurisdiction.

The Court's jurisdiction in this action also cannot be based on diversity of citizenship, which extends to "all civil actions where the matter in controversy

---

[2] The Court also notes that Defendant's reliance on the UCC does not create federal question jurisdiction because the UCC "is not federal law."  See, e.g., Motorola, Inc. v. Perry, 917 F. Supp. 43, 48 n.5 (D.D.C. 1996).

3

exceeds the sum or value of $75,000," and is between "citizens of different States." 28 U.S.C. § 1332(a)(1), (2). It appears that the parties are both Georgia citizens, and even if diversity did exist, Defendant fails to show that the amount-in-controversy exceeds $75,000.00. The Court must look only to Plaintiff's claim to determine if the amount-in-controversy requirement is satisfied. See, e.g., Novastar Mortg. Inc. v. Bennett, 173 F.Supp.2d 1358, 1361 (N.D. Ga. 2001), aff'd, 35 F. App'x 585 (11th Cir. 2002). The Complaint here seeks possession of property Defendant currently possesses. It is well-settled that "a claim seeking only ejectment in a dispossessory action cannot be reduced to a monetary sum for purposes of determining the amount in controversy." Bennett, 173 F. Supp. 2d at 1361-1362; see also Citimortgage, Inc. v. Dhinoja, 705 F. Supp. 2d 1378, 1382 (N.D. Ga. 2010); Fed. Home Loan Mortg. Corp. v. Williams, Nos. 1:07-cv-2864-RWS, 1:07-cv-2865-RWS, 2008 WL 115096, at *2 (N.D. Ga. Jan. 29, 2008) ("As a dispossessory proceeding under Georgia law is not an ownership dispute, but rather only a dispute over the limited right to possession, title to the property is not at issue and, accordingly, the removing defendant may not rely on the value of the property as a whole to satisfy the amount in controversy requirement."). The amount-in-controversy requirement is not satisfied and removal is not proper based on diversity of citizenship.

Because the Court lacks both federal question and diversity jurisdiction, this action is required to be remanded to state court. See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").[3]

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that this action is **REMANDED** to the Magistrate Court of Fulton County, Georgia.

**SO ORDERED** this 1st day of October, 2014.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

[3] Even if subject matter jurisdiction existed, the Court cannot provide Defendant the relief he seeks—a stay of state court eviction proceedings—because a federal court is prohibited under the Anti-Injunction Act, 28 U.S.C. § 2283, from enjoining a state court eviction proceeding. To the extent Defendant seeks to have the Court find that a completed dispossessory proceeding was wrongful and overturn a writ of possession issued by a state court, the Court lacks jurisdiction under the Rooker-Feldman doctrine to do so. Doe v. Fla. Bar, 630 F.3d 1336, 1341 (11th Cir. 2011) (Federal district courts "generally lack jurisdiction to review a final state court decision.") (citing D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983) & Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923)).